## CIRCUIT COURT OF ALBEMARLE COUNTY

Jeffrey H. Morgan

 v.

Commonwealth of Virginia

September 23, 1994

Case No. 5882-L

BY JUDGE PAUL M. PEATROSS, JR.

On September 13, 1994, this Court held a hearing on the Demurrer, Motion to Dismiss/Motion for Summary Judgment, and Plea of Sovereign Immunity filed by Mr. Chabalewski. At that hearing, the Court took evidence from Brent Cool, Administrator at Piedmont Virginia Community College, who testified about a License Agreement introduced as defendant's Exhibit 1 and the lack of payment for fees for the use of the recreational field by the City of Charlottesville for softball games. Mr. Cool also testified about installation of a lighting system by the City for use of the field for City-sponsored softball events.

At the conclusion of the hearing, the Court ruled that Piedmont Virginia Community College was not a proper defendant and that the only proper defendant was the Commonwealth of Virginia.

The Court further ruled that under the Virginia Tort Claims Act, an injured party must give notice of its claim before filing suit. The Court found that the required notice was given for Jeffrey Morgan, the child who was injured, but that no notice had been given by the father to allow Count II of the Motion for Judgment to go forward. Therefore, the Demurrer as to the claim of Greg Morgan, in his own right, was sustained in favor of the Commonwealth of Virginia.

The third ruling made by the Court was that the claim will be limited to $75,000.00 unless the State had insurance in excess of that amount and that there was an outstanding interrogatory which would resolve that issue.

The last issue before the Court was a claim that the Motion for Judgment against the Commonwealth of Virginia should be dismissed pursuant to § 29.1-509 of the Code of Virginia of 1950, as amended.

Based on the evidence presented on September 13, 1994, and the Motion for Judgment, the Court finds that this case involves Jeffrey H. Morgan, an infant under the age of 18 years of age, who was injured when he gave chase to a foul ball out of the playing field on April 27, 1993. The injury occurred when his leg was injured on a metal stake protruding from the ground as he chased a foul ball.

On December 10, 1992, the City of Charlottesville, Virginia, and the Piedmont Virginia Community College entered into a License Agreement which allowed the City of Charlottesville to use the fields at Piedmont Virginia Community College after 5:45 p.m. on every day except Fridays and Saturdays for the period January 1, 1992, through December 31, 1997. The Agreement called for no fee to be paid to PVCC for such use. The Agreement provided that the City had installed a lighting system which would be maintained and repaired by the City. The only obligation of PVCC was to mow the grass on the fields as often as the conditions required in the judgment of PVCC. At the end of the License Agreement, the Agreement provided that the lighting system and fences will become the property of PVCC.

The evidence further showed that students at Piedmont Virginia Community College do pay an activity fee as a part of their tuition but that the playing fields were not used at night by the students.

Finally, the evidence showed that the City maintained the fields except for grass mowing, provided bases, equipment, and umpires for games and managed the schedules of games on the field per the License Agreement.

In analyzing the statute, § 29.1-509 of the Code of Virginia of 1950, as amended, the language of the statute does not permit either student activity fees or installed light fixtures to serve as a "fee" under the statute. Furthermore, a landowner who has gratuitously extended the use of its land is only liable when injury occurs as a result of the landowner's gross negligence or willful failure to guard or warn against a dangerous condition.

The statute defines "fee" as follows:

> "Fee" means any payment or payments of money to a landowner for use of the premises or in order to engage in any activity described in subsections B and C of this section but does not include . . . any action taken by another to improve the land
> . . . .

§ 29.1-501 of the Code of Virginia of 1950, as amended.

Thus, on its face, the definition of "fee" excludes improvements such as lights provided by the City. Moreover, although the License Agreement makes reference to the installation of lights by the City, the Agreement states that "no fee shall be due PVCC for [priority use of its fields]." (See defendant's Exhibit No. 1, License Agreement.)

The plaintiff also contends that Piedmont students' activity fees are equivalent to a fee under the statute, but this argument has little merit. In *Hamilton v. United States*, the court refused to allow a plaintiff to stretch the statute's "fee" provision to enable her to recover damages in negligence. 371 F. Supp. 230 (E.D. Va. 1974). The plaintiff had been injured while sightseeing at a scenic overlook owned by National Capital Park Service. The plaintiff argued that her paying federal taxes constituted paying a fee under the statute, but the court rejected her argument and denied her recovery. *Id.* at 234-36.

In the instant case, the plaintiff's argument is weaker than that espoused in *Hamilton*. In *Hamilton*, the plaintiff argued that the "fee" (her taxes) she paid to an umbrella government fund could also serve as a fee to a specific governmental entity. In the case at bar, the plaintiff contends that because another group within the umbrella of groups who use Piedmont's fields has paid a fee, all groups should be entitled to the benefits which accompany paying that fee.

In negligence cases in general, the Court notes that the relationship between the parties defines the duty owed. While Piedmont students may have paid a fee which entitled them to use the fields, they were not injured. While the child of a City softball player may have been injured, the City did not pay a fee. There seems to be no connection between Piedmont students who have paid and a child of a City player who has not, other than the fact that they both happened to use the same fields at different times. Their relationships with the school itself are completely separate, and to grant the child of a City softball player a windfall would violate the General Assembly's purpose in writing the statute.

In granting such broad protection to landowners from liability, the General Assembly was trying to encourage landowners to permit others, including the government, to use their land, in this Court's opinion. One could infer a type of contract between landowners and those granted permission: the landowners' consideration is the right to a fee, and the benefit is great freedom from liability for injury; the consideration given by those granted permission is the broad parameters of liability often afforded to

invitees, and the benefit is the free use of the land. To allow the City's players to sue on the coattails of the Piedmont students' fees would grant a large windfall to the players. Moreover, it would encourage landowners to charge everyone a fee or to allow no one to use their land: the balance the General Assembly sought to achieve would be destroyed. Accordingly, the Commonwealth is not liable in the case at bar under the fee provision of subsection D.

A review of the Motion for Judgment does not allege gross negligence or willful failure to guard or warn against a dangerous condition. Therefore, the Motion for Summary Judgment on this issue is sustained.